# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LEWIS,<br>　　　Petitioner,<br>　　　v.<br>MARK GARMAN, THE DISTRICT ATTORNEY OF PHIADELPHIA COUNTY, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>　　　Respondents. | No. 2:19-cv-02969 |

**O P I N I O N**
Petition for Habeas Corpus, ECF No. 1 — Dismissed and Denied

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　May 7, 2021
**United States District Judge**

## I.　　INTRODUCTION

　　This matter involves the pro se petition for a writ of habeas corpus filed by Andre Lewis. Lewis is currently serving a sentence of 15 to 30 years at SCI-Rockville for third-degree murder, carrying a firearm without a license, and possessing an instrument of crime. Following adjudication of his direct appeal and state post-conviction petition, Lewis filed the instant habeas petition, alleging that he was deprived his due process rights when the trial court declined to instruct the jury on a lesser-included offense. Magistrate Judge Marilyn Heffley issued a Report and Recommendation, recommending dismissal and denial of the petition. Lewis lodged two objections to the Report and Recommendation.

　　Following de novo review, this Court adopts the Report and Recommendation of Magistrate Judge Heffley in its entirety and incorporates the same herein. Lewis' petition is dismissed and denied. This Court writes separately only to briefly address Lewis' objections to the Report and Recommendation.

II.     **BACKGROUND**

On October 10, 2008, Lewis's Mother, Kimberly Underwood, exchanged words with the decedent, Gilberto Alvarez, over beer bottles and trash left on Underwood's porch. *See* Report and Recommendation 2 ("R&R"), ECF No. 16. Underwood believed that Alvarez left the bottles and trash on her porch. *See id.* Police were called to the scene of the argument, and they were able to convince all parties to return to their homes. *See id.* The next day, Alvarez, his wife, and his friend Ernesto Rivera were outside of their home working on a car when Lewis, Underwood, and a third-party male approached them. *See id.* Lewis was holding a firearm as he approached the vehicle, and he used that firearm to bang on the window of the car in which Alvarez was seated. *See id.* Lewis accused Alvarez of disrespecting his mother during the altercation the previous night. *See id.* Alvarez exited the vehicle and ran away from Lewis. *See id.* Lewis chased after Alvarez, and Rivera followed behind them. *See id.* After turning the corner, Rivera heard two gun shots. *See id.* He then heard Lewis confirm to the third-party male that Lewis had shot Alvarez. *See id.* Rivera returned the initial scene minutes later and reported to Alvarez's wife that Alvarez had been shot and killed. *See id.*

On October 31, 2008, police arrested Lewis, who they found hiding in a friend's closet. *See id.* at 3. Police also discovered a firearm in the closet where Lewis was hidden. *See id.* The ballistics expert at trial testified that the bullet retrieved by the Medical Examiner matched that fired from the handgun recovered from the closet. *See id.* During questioning, Lewis confirmed to police that the .22 caliber Barretta they found was the gun he used to shoot Alvarez. *See id.* at 4.

On December 30, 2010, a jury seated in the Philadelphia County Court of Common Pleas returned a verdict of guilty on charges of third-degree murder, carrying a firearm without a

license, and possessing an instrument of crime. *See id.* at 1. On April 11, 2011, the trial court sentenced Lewis to a term of 15 to 30 years of imprisonment, followed by a seven-year term of probation. *See id.*

Lewis filed a direct appeal, challenging the sufficiency of the evidence and seeking a new trial because the trial court failed to charge the jury on voluntary manslaughter. *See id.* at 4. The Pennsylvania Superior Court affirmed Lewis' judgment of sentence on October 19, 2012. *See id.* Lewis' petition for allowance of appeal to the Supreme Court of Pennsylvania was denied. *See Commonwealth v. Lewis*, 69 A.3d 601 (Pa. 2013).

On May 14, 2014, Lewis filed a pro se Pennsylvania Post Conviction Relief Act (PCRA) petition. *Commonwealth v. Lewis*, No. CP-51-CR-0008894-2009 (Pa. Ct. Com. Pl.). The PCRA court ultimately dismissed the petition on March 20, 2017. *See id.* That dismissal was affirmed by the Superior Court on June 25, 2018. *See Commonwealth v. Lewis*, No. 1113 EDA 2017, 2018 WL 3099672, at *1 (Pa. Super. Ct. June 25, 2018). Lewis' petition for allowance of appeal to the Supreme Court of Pennsylvania was denied. *See Commonwealth v. Lewis*, 201 A.3d 732 (Pa. 2019).

On June 27, 2019, Lewis filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Pet., ECF 1. Therein, Lewis raises a single claim, alleging that his due process rights were violated by the trial court's decision to not charge the jury on voluntary manslaughter. *See id*. at 7 (ECF Pagination). On February 12, 2020, the Government responded to the petition, arguing for its denial. *See* Resp., ECF No. 15. On April 27, 2020, Magistrate Judge Marilyn Heffley prepared a Report and Recommendation, recommending that Lewis' petition be dismissed as procedurally defaulted, or alternatively, denied on the merits.

*See* R&R. On June 12, 2020, Lewis filed his objections to the Report and Recommendation. *See* Obj., ECF No. 17.

## III. LEGAL STANDARD

### A. Review of Habeas Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[A] petitioner must 'present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)); *see also Duncan v. Harry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . ." *Anderson v. Hughes*, 459 U.S. 4, 6 (1982). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

"Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v.*

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    **B.**    **Review of Report and Recommendation with Objections**

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

    **C.**    **Law Governing Jury Charge on Lesser Included Offense**

"Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'" *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Accordingly, the only pertinent inquiry is whether the state court's decision to omit a particular jury instruction was contrary to, or an unreasonable application of, United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d). In order to meet this burden, the petitioner must either "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or show that the "instructions deprived him of a defense which federal law provided to him." *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997).

The United States Supreme Court has held that an instruction on a lesser-included offense is required in capital cases where the evidence warrants such an instruction. *See Beck v.*

*Alabama*, 447 U.S. 625, 627 (1980). Notwithstanding, the Supreme Court specifically reserved the question of whether an instruction on a lesser-included offense is similarly required in non-capital cases. *See id.* at 638 n.14.

IV. **DISCUSSION**

Lewis lodges two objections to the Report and Recommendation. First, Lewis objects to the Magistrate Judge's recommendation that Lewis' claim be dismissed as procedurally defaulted. Second, Lewis objects to the Magistrate Judge's recommendation that his claim, even if not defaulted, be denied as meritless. Specifically, Lewis argues that the Magistrate Judge erred in crediting the state court's conclusion that the fifteen-hour period between the alleged provocation and the killing was enough time for Lewis to cool down. After a de novo review of the Magistrate Judge's findings and recommendations, this Court adopts the Report and Recommendation in its entirety and overrules Lewis' objections.

A. **Lewis' Procedural Default Objection**

Lewis first objects to the Magistrate Judge's recommendation that his claim be dismissed as procedurally defaulted. He contends that he fairly presented his due process claim to the state courts. After de novo review, the Report and Recommendation appropriately concludes Lewis' claim is procedurally defaulted. Lewis failed to place the state courts on notice that he intended to raise a claim arising under federal law. *Duncan*, 513 U.S. at 365-66; *see also Anderson*, 459 U.S. at 6. Accordingly, for the reasons set forth in the Report and Recommendation, Lewis' claim is dismissed.

B. **Lewis' Merits Objection**

Lewis next objects to the Magistrate Judge's recommendation that Lewis' claim, if not procedurally defaulted, be denied as meritless. Specifically, Lewis contends that the Magistrate

Judge improperly credited the state court's finding that he had sufficient time to cool down from any provocation before the killing. Lewis avers that he may take longer than a typical individual to cool down following a provocative event, and he argues that he was therefore owed a jury instruction on heat of passion voluntary manslaughter. Following de novo review of the Magistrate Judge's findings, the Report and Recommendation properly addressed the merits of Lewis' claim, affording the appropriate degree of deference to state court factual findings. *See Fahy*, 516 F.3d at 181. Accordingly, this Court adopts the Report and Recommendation in its entirety. For the reasons set forth in the Report and Recommendation, Lewis' claim is denied.

V. **CONCLUSION**

After de novo review, this Court adopts the Report and Recommendation in its entirety. Accordingly, for the reasons set forth in the Report and Recommendation, Lewis' petition is dismissed and denied, and his objections are overruled. Furthermore, for the reasons set forth in the Report and Recommendation, a certificate of appealability shall not issue.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge